IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

LARRY C. DIXON, #138238,           :
                                   :
        Plaintiff,                 :
                                   :
vs.                                :   CIVIL ACTION 09-0757-WS-B
                                   :
GWEN MOSELY, *et al.*,             :
                                   :
        Defendants.                :

## REPORT AND RECOMMENDATION

This action, filed under 42 U.S.C. § 1983 by an Alabama prison inmate proceeding pro se and seeking leave to proceed in forma pauperis, has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4) for appropriate action.  Based upon a careful review of the record, the undersigned recommends that Plaintiff's action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Upon review of Plaintiff Larry C. Dixon's litigation history, the Court discovered that Plaintiff has had at least three actions or appeals dismissed either as frivolous or for failure to state a claim upon which relief can be granted, namely, Dixon v. Alabama Dep't of Corrections, et al., CA 95-0395 (M.D. Ala. Apr. 24, 1995); Dixon v. Central Classification, et al., CA 97-1472-MHT-JLC (M.D. Ala. Nov. 19, 1997), appeal dismissed as frivolous, (11th Cir. Mar. 23, 1998); and Dixon v. Thomas, et al., CA 06-0164-WKW-TFM (M.D. Ala. July 30, 2008), appeal dismissed as frivolous, (11th Cir. Feb. 19, 2009).  Thus, Plaintiff comes within the purview of 28 U.S.C. § 1915(g), which precludes him from filing the instant action in forma pauperis unless he is "under imminent danger of serious physical injury."  Accordingly, the Court must review Plaintiff's Complaint (Doc. 1) in order to determine if he has pled sufficient facts to show that he was under imminent danger of serious physical injury at the time he initiated this action.

Plaintiff's Complaint was received by the Court on November 17, 2009[1].  (Doc. 1).  In the Complaint, Plaintiff lists August 31, 2009 as the date on which his claims arose.  (Id. at 3).  According to Plaintiff, he was ordered to work in heat in excess of 120 degrees under the threat of being returned to Fountain Correctional Center. Plaintiff asserts that as a result of the heat, he became

---

[1]Plaintiff's Complaint is signed and dated November 20, 2009. (Doc. 1)

dehydrated and was transferred from Loxley Work Release by C.M.S.
and its employees.  Plaintiff maintains that the transfer resulted
in a denial of his liberty interest in continued participation in
work release without due process.  Plaintiff further contends that
property valued at $4000.00 was taken from him or was not
transferred with him on August 31, 2009, and that a radio which had
previously been taken from him, was not returned.  Plaintiff also
alleges that his legal materials were taken in order to deprive him
of access to the courts.  In addition, Plaintiff asserts that
C.M.S. doctors' unfettered discretion impacts his liberty interest
and that Loxley Work Release extorts money from inmates.  In his
request for relief, Plaintiff seeks $5,000,000.00 in compensatory
and punitive damages and an order requiring that these practices
cease.

The harms of which Plaintiff complains all occurred at a time
prior to the filing of his Complaint on November 17, 2009.  Past
harm, however, does not satisfy § 1915(g)'s exception that a
plaintiff be "under imminent danger of serious physical injury."
Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004) (the
"Eleventh Circuit[] [has] determined that a prisoner must allege a
present imminent danger, as opposed to a past danger, to proceed
under section 1915(g) . . . ."); Medberry v. Butler, 185 F.3d 1189,
1193 (11th Cir. 1999) ("[A] prisoner's allegation that he faced
imminent danger sometime in the past is an insufficient basis to

allow him to proceed <u>in forma pauperis</u>"); <u>Adbul-Akabar v. McKelvie</u>, 239 F.3d 307, 315 (3d Cir.) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), <u>cert. denied</u>, 533 U.S. 953 (2001).

While Plaintiff points to past actions, he has neglected to allege specific facts showing that he is "under imminent danger." In addition, his Complaint is mute about the existence of a concrete serious physical injury. Clearly, "the plaintiff must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" <u>Ball v. Allen</u>, CA No. 06-0496-CG-M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (citation and quotation marks omitted) (unpublished). Accordingly, Plaintiff has failed to show that he was under "imminent danger of serious physical injury" at the time he filed the present action.

The Court thus concludes that this action is precluded by § 1915(g) because Plaintiff failed to satisfy the exception and, as a consequence, he should be denied <u>in forma pauperis</u> status in this action. Accordingly, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to 28 U.S.C. § 1915(g) does not pay the full filing

fee at the time he initiates the action).

The instructions that follow the undersigned's signature contain important information regarding objections to the Report and Recommendation of the Magistrate Judge.

**DONE** this **4th** day of **February, 2010.**

                              /s/ SONJA F. BIVINS
                    **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1.   **Objection**.   Any party who objects to this recommendation or
anything in it must, within fourteen days of the date of service
of this document, file specific written objections with the clerk
of court.   Failure to do so will bar a de novo determination by
the district judge of anything in the recommendation and will bar
an attack, on appeal, of the factual findings of the magistrate
judge.   See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d
736, 738 (11th Cir. 1988).   The procedure for challenging the
findings and recommendations of the magistrate judge is set out
in more detail in SD ALA LR 72.4 (June 1, 1997), which provides,
in part, that:

> A party may object to a recommendation entered by a
> magistrate judge in a dispositive matter, that is, a
> matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing
> a "Statement of Objection to Magistrate Judge's
> Recommendation" within ten days[2] after being served
> with a copy of the recommendation, unless a different
> time is established by order.   The statement of
> objection shall specify those portions of the
> recommendation to which objection is made and the basis
> for the objection.   The objecting party shall submit to
> the district judge, at the time of filing the
> objection, a brief setting forth the party's arguments
> that the magistrate judge's recommendation should be
> reviewed de novo and a different disposition made.   It
> is insufficient to submit only a copy of the original
> brief submitted to the magistrate judge, although a
> copy of the original brief may be submitted or referred
> to and incorporated into the brief in support of the
> objection.   Failure to submit a brief in support of the
> objection may be deemed an abandonment of the
> objection.

A magistrate judge's recommendation cannot be appealed to a
Court of Appeals; only the district judge's order or judgment can
be appealed.

---

[2] Effective December 1, 2009, the time for filing written
objections was extended to "14 days after being served with a
copy of the recommended disposition[.]"   FED.R.CIV.P. 72(b)(2).

2.    **Opposing party's response to the objection.**   Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection. Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.    **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this **4th** day of **February, 2010.**

                                    /s/ SONJA F. BIVINS
                              **UNITED STATES MAGISTRATE JUDGE**